DIANE J. HUMETEWA
United States Attorney
District of Arizona

MICHAEL A. JOHNS
Assistant U.S. Attorney
Arizona State Bar No. 3803
Two Renaissance Square
40 North Central Avenue, Suite 1200
Phoenix, Arizona 85004-4408
Telephone: (602) 514-7566
Facsimile: (602) 514-7760
mike.johns@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| Helen Dineyazhe, et.al., | CIV 06-0690-PCT-SMM |
|---|---|
| Plaintiff | **JOINT MOTION TO APPROVE SETTLEMENT** |
| v. | |
| United States of America | |
| Defendant. | |

    Plaintiffs, Helen Dineyazhe and Derrick Dineyazhe, on their own behalf and as next friends and on behalf of their minor child, Dominic Dineyazhe, and Defendant, United States of America, jointly move this Court for approval of a settlement of the claims asserted on behalf of minor Dominic Dineyazhe.

    In these claims, brought under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346 (b)(1) and 2671 *et. seq.*, Dominic was in a bicycle accident when he was nine years old in which his right knee and leg were injured. Paramedics took Dominic to the Emergency Room at the Chinle Indian Health Service hospital where he was diagnosed with a knee injury. Due to increased pain, Dominic was taken to the San Juan Regional Medical Center, a private hospital, and was seen by a private orthopedist. The diagnosis continued to be knee injury. Physical therapy was performed on the knee by the Indian Health Service. After

1   physical therapy was completed and the knee healed, it was discovered that Dominic had also
2   sustained a broken femur.  The undiagnosed fracture healed in a manner which caused a
3   bowed femur and a leg length discrepancy, which also caused hip and spine complications
4   and a limp.  Dominic is now 14 years old and still growing.  He is active in sports but may
5   require leg straightening or lengthening surgery among other options available to him such
6   as shortening the opposite leg.

7   The parties stipulated to an Independent Medical Examination which was completed
8   in July, 2007 at the Pediatric Orthopedic and Scoliosis Center, Children's Hospital, San
9   Diego, California.  Treatment options were provided to the family and costs of surgery were
10  estimated at $60,000 to $80,000 depending on which treatment options were chosen.  If
11  Dominic's continuing leg growth results in a smaller final discrepancy in length, it is possible
12  that surgery would not be recommended.

13  The settlement includes $100,000 in a medical reversionary trust for Dominic using
14  the standard trust language required by the Department of Justice, Civil Division, Torts
15  Branch, which has  established many such trusts.  The trust includes transportation costs
16  inasmuch as Dominic is a minor and lives in Northern Arizona.  The trust ensures that
17  Dominic and his parents can choose whatever treatment options they wish, at the most
18  appropriate time as Dominic grows, and without regard to cost or other outside influences.
19  Any funds remaining in the trust revert to the United States Treasury when Dominic turns
20  30 years old.

21  The settlement includes the purchase of an annuity for Dominic at a cost of $75,000
22  with payments beginning at age 18 providing $125,344 in benefits to age 30. Payments are
23  as follows:

24      Beginning on August 1, 2012, pay $6,250.00 annually for two years
25      certain (2 payments guaranteed).

26      Beginning on December 1, 2012, pay $6,250.00 annually for two years
27      certain (2 payments guaranteed).

28      Beginning on August 1, 2012, pay $1,000.00 monthly for two years

certain (24 payments guaranteed)

On April 15, 2019, a guaranteed lump sum of $20,000.00

On April 15, 2024, a guaranteed lump sum of $56,344.70

In the event of the death of Dominic S. Dineyazhe all remaining guaranteed payments shall be to Helen Dineyazhe, mother, and Derrick Dineyazhe, father, equally or to the survivor thereof; otherwise to the estate of Dominic S. Dineyazhe. Dominic S. Dineyazhe may change this designation upon his reaching the age of majority; however, any such change or revocation thereof shall not be effective unless it is in writing from Dominic S. Dineyazhe and delivered to the annuity company, Prudential Insurance Company of America. The designation must be in a form acceptable to the annuity company before such payments are made.

The annuity contract will be owned solely and exclusively by the United States and will be purchased as soon as practicable following approval of the settlement. The United States' only obligation with respect to said annuity contract and any annuity payments therefrom is to purchase the annuity contract, and the United States does not guarantee or insure any of the annuity payments. The United States is released from any and all obligations with respect to the annuity contract and annuity payments upon the purchase of the annuity contract.

The annuity company that issues the annuity contract or its assignee(s) shall at all times have the sole obligation for making all annuity payments. The obligation of the annuity company to make each annuity payment shall be discharged upon the mailing of a valid check in the amount of such payment to the address designated by the party to whom the payment is required to be made under the Stipulation For Compromise Settlement And Release. Checks lost or delayed through no fault of the annuity company shall be promptly replaced by the annuity company, but the annuity company is not liable for interest during the interim.

The annuity payments cannot be assigned, accelerated, deferred, increased, or decreased by the parties, no part of any annuity payments called for herein or any assets of

the United States or the annuity company are subject to execution or any legal process for any obligation in any manner, and that the plaintiffs shall not have the power or right to sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise.

Plaintiffs and their guardians, heirs, executors, administrators or assigns agree to maintain with the annuity company and the United States a current mailing address, and to notify the annuity company and the United States of the death of any beneficiary of said annuity contract within ten (10) days of death.

The settlement includes payment of $10,000 in cash jointly for Dominic and his parents at the time of funding the settlement. The settlement provides an additional $4,667.11 for unpaid medical bills and $13,665.89 for litigation costs and expenses, some of which are not taxable against the United States even if it loses at trial, such as expert witness fees and attorney travel expenses. The settlement also includes attorneys fees at the statutory maximum of 25% in FTCA cases, $61,667. If the case were tried and a plaintiff's verdict obtained, attorneys fees would be deducted from the verdict, not added to it. The total settlement is $265,000.

Liability is contested in this case concerning failure to diagnose the femur fracture in time to have improved the outcome, and both sides have retained experts in orthopedics and physical therapy. This case is not subject to resolution by dispositive motions, only by settlement or a complex and risky trial.

As the court observed in *Reo v. United States Postal Service*, 98 F.3d 73, 78 (3d Cir. 1996), "petitions to approve settlement of a minor's claims are heard routinely in both state and federal courts." In the *Reo* case, the court considered whether a minor was bound by her parents' agreement to settle her administrative claim, brought under the FTCA, against the Postal Service. Because the United States' liability under the FTCA is generally determined by reference to state law, the court held that "state law governs whether an individual has the legal authority to bind a claimant to an administrative settlement." *Id.* at 77; *see also Gerow v. United States*, 1997 WL 538910 (N.D.N.Y. Aug. 26, 1997) (applying New York law to approve settlement of minor's claim brought under the FTCA).

4

For the settlement to be binding upon a minor in this case, court approval of the settlement is required. *See Gomez v. Maricopa County,* 857 P.2d 1323, 1327 (Ariz. App. 1993) (holding that appointment of a guardian or court approval is required to compromise a minor's claim). In *Gomez*, relying on long-standing Arizona case law, the court explained that "[a] parent, acting solely in his or her capacity as a parent, rather than as a legally authorized guardian, lacks authority to settle the claim of a minor child." *Id.* at 1326 (citing *Pacheco v. Delgardo*, 52 P.2d 479, 481 (Ariz. 1935)). In *Pacheco*, relied upon by in *Gomez*, the Arizona Supreme Court held that a minor could repudiate any compromise or settlement made on his or her behalf "unless it is made by a guardian legally authorized to make such settlement." *Pacheco,* 52 P.2d at 481. The Court found that a guardian ad litem could obtain court approval of a minor's settlement and enter a binding settlement agreement on the minor's behalf. *Id.; see also Dacanay v. Mendoza,* 573 F.2d 1075, 1079 (9th Cir. 1978) (explaining that minors are wards of the court and a guardian ad litem or next friend is an officer of the court who may not prejudice the substantial rights of a minor litigant, but may negotiate a proposed compromise to be referred to the court for approval.) Thus, a binding settlement of a minor's claim requires that a court conduct an independent evaluation of the fairness of the proposed settlement to ensure that it is in the best interest of the minor. *Ducanay,* 573 F.2d at 1080.

Therefore, the parties jointly request that the Court review the information provided in this joint motion, and the pleadings in this matter, and approve the settlement of the claims of minor Dominic Dineyazhe, as set forth above.

Urgent attention to this motion is required because the cost of the annuity could increase if there is undue delay.

Respectfully submitted this 8th day of September, 2008.

        DIANE J. HUMETEWA
        United States Attorney
        District of Arizona

        *S/Michael A. Johns*

        MICHAEL A. JOHNS
        Assistant U.S. Attorney

1
2          BARUDIN LAW FIRM, P.C.
3          *S/Theodore W. Barudin* (by permission)
4          Theodore W. Barudin
           7900 Menaul Blvd. NE
5          Albuquerque, NM 87110
           (505) 332-1800
6
           and
7          Gregory R. Kauffman, P.C.
           500 Tijeras Avenue, NW
8          Albuquerque, NM 87102
           (505) 242-5297
9
           *Attorneys for Plaintiffs*
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2008, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Gregory R Kauffman
Gregory R Kauffman PC
500 Tijeras Ave NW
Albuquerque, NM 87102

Theodore W Barudin
Barudin Law Firm, PC
7900 Menaul Blvd NE
Albuquerque, NM 87110

*s/ I. Millsaps*
U.S. Attorney's Office